Clifford Tucker, Esq.
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2243
Email: CTucker@SaccoFillas.com
Attorneys for Plaintiff RAMONA YESSENIA TEJEDA MARTINES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMONA YESSENIA TEJEDA MARTINES, *on behalf of themselves and all other persons similarly situated*,<br><br>      Plaintiff,<br>-against-<br><br>MANGO GROCERY & MEAT MARKET CORP., DAVID ORTIZ, and SANDY ORTIZ,<br><br>      Defendants. | Case No. 21-cv-10553<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION** |

Plaintiff RAMONA YESSENIA TEJEDA MARTINES ("Plaintiff"), on behalf of themselves and all others similarly situated, by her attorneys Sacco & Fillas, LLP, complaining of defendants MANGO GROCERY & MEAT MARKET CORP., DAVID ORTIZ, and SANDY ORTIZ (collectively referred to herein as "defendants"), allege as follows:

## NATURE OF THE ACTION

1. For approximately three-and-one-half years, RAMONA YESSENIA TEJEDA MARTINES, was ostensibly employed as a food preparer at Defendants' grocery store / restaurant at 101 East 196th Street, Bronx, New York 10468 (collectively "subject store"). She worked up to forty-five (45) hours per week. Throughout her employment, Plaintiff RAMONA YESSENIA TEJEDA MARTINES did not receive the statutory minimum wage, and overtime pay for hours worked over forty per week. Additionally, Plaintiff RAMONA YESSENIA TEJEDA MARTINES

1

did not receive wage notices, or wage statements at the end of each pay period.

2. Plaintiff RAMONA YESSENIA TEJEDA MARTINES bring this action on behalf of herself and all other similarly situated non-exempt workers, seeking monetary damages, injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL"). and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff RAMONA YESSENIA TEJEDA MARTINES's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the MANGO GROCERY & MEAT MARKET CORP. is located within the Southern District of New York.

## THE PARTIES

5. Plaintiff RAMONA YESSENIA TEJEDA MARTINES resides in Bronx, New York.

6. Defendants employed Plaintiff RAMONA YESSENIA TEJEDA MARTINES as a food preparer from approximately May 22, 2018, until approximately November 12, 2021.

7. Throughout her employment with Defendants, Plaintiff RAMONA YESSENIA TEJEDA MARTINES's work duties included peeling fruits and vegetables, cutting ingredients, preparing pastelitos and lifting heavy boxes.

8. Throughout her employment, Plaintiff RAMONA YESSENIA TEJEDA

2

MARTINES was an employee within the meaning of the FLSA and NYLL.

### *Defendant MANGO GROCERY & MEAT MARKET CORP.*

9. Defendant MANGO GROCERY & MEAT MARKET CORP. is a New York corporation that owns, operates, and does business as grocery store / restaurant , located at 101 East 196th Street, Bronx, New York 10468.

10. At all times herein, Defendants' grocery store / restaurant had more than eleven employees.

11. At all times herein, Defendants' grocery store / restaurant had approximately thirty-five to forty (35-40) employees.

12. Defendant MANGO GROCERY & MEAT MARKET CORP. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. Defendant MANGO GROCERY & MEAT MARKET CORP. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. In the three years preceding the filing of this Complaint, MANGO GROCERY & MEAT MARKET CORP. has had an annual gross volume of sales in excess of $500,000.

### *Defendants DAVID ORTIZ*

15. Defendant DAVID ORTIZ is the manager of MANGO GROCERY & MEAT MARKET CORP.

16. Defendant DAVID ORTIZ maintains access and/or control over the business license for Defendant MANGO GROCERY & MEAT MARKET CORP.

17. Throughout Plaintiff RAMONA YESSENIA TEJEDA MARTINES's employment, Defendant DAVID ORTIZ participated in the day-to-day operations of the subject grocery store /

restaurant.

18.     Defendant DAVID ORTIZ had the power to hire and fire Plaintiff RAMONA YESSENIA TEJEDA MARTINES.

19.     Defendant DAVID ORTIZ supervised Plaintiff RAMONA YESSENIA TEJEDA MARTINES.

20.     Defendant DAVID ORTIZ participated in hiring Plaintiff RAMONA YESSENIA TEJEDA MARTINES.

21.     Defendant DAVID ORTIZ ordered Plaintiff RAMONA YESSENIA TEJEDA MARTINES to arrive at work at a specific time and leave at specific times.

22.     Defendant DAVID ORTIZ paid Plaintiff RAMONA YESSENIA TEJEDA MARTINES.

23.     Defendant DAVID ORTIZ exercised sufficient control over Defendants' operations and Plaintiff RAMONA YESSENIA TEJEDA MARTINES's employment to be considered his employer under the FLSA and NYLL.

24.     Defendant DAVID ORTIZ is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of MANGO GROCERY & MEAT MARKET CORP.

25.     Defendant DAVID ORTIZ exercises sufficient control over MANGO GROCERY & MEAT MARKET CORP. operations to be considered Plaintiff' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees and established and exercised authority regarding the pay practices at MANGO GROCERY & MEAT MARKET CORP.

26.     Defendant DAVID ORTIZ is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/or agent of MANGO GROCERY

& MEAT MARKET CORP. She exercises sufficient control over MANGO GROCERY & MEAT MARKET CORP. operations to be considered Plaintiff' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees and established and exercised authority regarding the pay practices at MANGO GROCERY & MEAT MARKET CORP.

### *Defendant SANDY ORTIZ*

27. Defendant SANDY ORTIZ is the Chief Executive Officer of MANGO GROCERY & MEAT MARKET CORP.

28. Defendant SANDY ORTIZ maintains access and control over the business license for Defendant MANGO GROCERY & MEAT MARKET CORP.

29. Throughout Plaintiff RAMONA YESSENIA TEJEDA MARTINES's employment, Defendant SANDY ORTIZ participated in the day-to-day operations of the subject grocery store / restaurant.

30. Defendant SANDY ORTIZ hired Plaintiff RAMONA YESSENIA TEJEDA MARTINES.

31. Defendant SANDY ORTIZ paid Plaintiff RAMONA YESSENIA TEJEDA MARTINES on a regular basis.

32. Defendant SANDY ORTIZ set Plaintiff RAMONA YESSENIA TEJEDA MARTINES's hours.

33. Defendant SANDY ORTIZ held herself/himself out as the person who set Plaintiff RAMONA YESSENIA TEJEDA MARTINES's salary.

34. Defendant SANDY ORTIZ supervised Plaintiff RAMONA YESSENIA TEJEDA MARTINES.

35. Defendant SANDY ORTIZ maintained payroll records.

36. Defendant SANDY ORTIZ had the power to hire and fire Plaintiff RAMONA

YESSENIA TEJEDA MARTINES.

37. Defendant SANDY ORTIZ participated in hiring Plaintiff RAMONA YESSENIA TEJEDA MARTINES.

38. Defendant SANDY ORTIZ set the subject grocery store / restaurant payroll policies, including the unlawful practices complained of herein.

39. Defendant SANDY ORTIZ is the principal on the New York State Liquor License for Defendant MANGO GROCERY & MEAT MARKET CORP. CORP.

40. Defendant SANDY ORTIZ exercised sufficient control over Defendants' operations and Plaintiff RAMONA YESSENIA TEJEDA MARTINES's employment to be considered her employer under the FLSA and NYLL.

41. Defendant SANDY ORTIZ is a person engaged in business in New York County, who is sued individually in her capacity as an owner, officer, and/or agent of MANGO GROCERY & MEAT MARKET CORP.

42. Defendant SANDY ORTIZ exercises sufficient control over MANGO GROCERY & MEAT MARKET CORP.'s operations to be considered Plaintiff' employer under the FLSA and NYLL,

43. At all times material herein Defendant SANDY ORTIZ had the authority to hire and fire employees and established and exercised authority regarding the pay practices at MANGO GROCERY & MEAT MARKET CORP.

## FACTUAL ALLEGATIONS

### *Plaintiff RAMONA YESSENIA TEJEDA MARTINES*

44. Plaintiff RAMONA YESSENIA TEJEDA MARTINES was ostensibly employed as a food preparer.

45. From approximately May 22, 2018, through November 12, 2021, Plaintiff

6

RAMONA YESSENIA TEJEDA MARTINES regularly worked six days per week from approximately 7:00 a.m. to approximately 2:30 p.m., on Mon, Tue, Wed, Fri, Sat, and Sun totaling approximately forty-five (45) hours per week.

46.     From approximately May 22, 2018, through November 12, 2021, Plaintiff RAMONA YESSENIA TEJEDA MARTINES was paid $525 per week.

47.     Plaintiff RAMONA YESSENIA TEJEDA MARTINES was paid her wages in cash.

48.     Defendants did not furnish Plaintiff RAMONA YESSENIA TEJEDA MARTINES with wage statements with each payment of wages as required by the NYLL.

49.     Defendants did not furnish Plaintiff RAMONA YESSENIA TEJEDA MARTINES with wage notices at her time of hiring or when her rates of pay changed that, *inter alia*, accurately reflected her rate or rates of pay and number of hours worked per week, as required by the NYLL.

50.     Defendants did not give Plaintiff a written notice of pay rate, tip credit, and pay day as required under 12 NYCRR 146-2.2.

51.     Defendants did not give Plaintiff a statement to Plaintiff pursuant to 12 NYCRR 146-2.3.

52.     Defendants did not make a posting pursuant to 12 NYCRR 146-2.3.

53.     Defendant MANGO GROCERY & MEAT MARKET CORP. was served with a Notice of Intention to Enforce Shareholder Liability for Services Rendered, pursuant to Section 630 of the Business Corporation Law of New York, notifying it that Plaintiff RAMONA YESSENIA TEJEDA MARTINES intends to charge each of them jointly and severally for all debts due to her for unpaid wages.

54.     Defendant MANGO GROCERY & MEAT MARKET CORP., was served with a Notice of Intention to Enforce Shareholder Liability for Services Rendered, pursuant to Section 630 of the Business Corporation Law of New York, notifying it that Plaintiff RAMONA YESSENIA

7

TEJEDA MARTINES intends to charge each of them jointly and severally for all debts due to her for unpaid wages

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff RAMONA YESSENIA TEJEDA MARTINES brings the claims in this Complaint arising out of the FLSA on behalf of themselves and all similarly situated non-exempt workers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

56. The FLSA Collective consists of approximately thirty non-exempt workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

57. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern, practice, and/or policy includes, inter alia, the following:

   A. failing to keep accurate records of hours worked by the FLSA Collective as required by law;

   B. failing to pay the FLSA Collective minimum wage for their first forty hours of work per workweek; and,

   C. failing to pay the FLSA Collective overtime pay for all hours worked over forty per workweek.

58. Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

59. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

60. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Subject Restaurants and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM

### *(Fair Labor Standards Act – Unpaid Minimum Wage)*

61. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

62. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff RAMONA YESSENIA TEJEDA MARTINES and the FLSA Collective.

63. The FLSA and NYLL require that employers pay employees a minimum wage for all hours worked weekly up to forty.

64. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq. and the supporting federal regulations, apply to Defendants.

65. Defendants failed to pay Plaintiff RAMONA YESSENIA TEJEDA MARTINES and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

66. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff RAMONA YESSENIA TEJEDA MARTINES and the FLSA Collective.

67. As a result of Defendants' willful violations of the FLSA, Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other non-exempt workers have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys'

fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM

### *(New York Labor Law – Unpaid Minimum Wage)*

68. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

69. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers.

70. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

71. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

72. Defendants failed to pay Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers the minimum wages to which they are entitled under the NYLL and its supporting NYDOL regulations.

73. Defendants willfully violated the NYLL by knowingly and intentionally failing to Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers minimum hourly wages.

74. As a result of Defendants' violations of the NYLL, Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM

### *(Fair Labor Standards Act – Unpaid Overtime Wages)*

75. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

10

76. Defendants were employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff RAMONA YESSENIA TEJEDA MARTINES.

77. Defendants were required to pay Plaintiff RAMONA YESSENIA TEJEDA MARTINES the FLSA Collective one and one-half (1½) times their regular wage rate for all hours worked more than forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

78. Defendants failed to pay Plaintiff RAMONA YESSENIA TEJEDA MARTINES and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

79. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff RAMONA YESSENIA TEJEDA MARTINES and the FLSA Collective the proper overtime wage rate.

80. Due to Defendants' violations of the FLSA, Plaintiff RAMONA YESSENIA TEJEDA MARTINES and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CLAIM**

*(New York Labor Law – Unpaid Overtime Wages)*

81. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

82. Defendants were Plaintiff RAMONA YESSENIA TEJEDA MARTINES's employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

83. Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers one and one-half (1 ½) times their regular rate of pay, which shall not be less

11

than the minimum wage rate, for all hours worked in excess of forty per workweek.

84. Defendants failed to pay Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers the overtime wages to which they were entitled to under the NYLL and its supporting regulations.

85. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers overtime wages.

86. Due to Defendants' willful violations of the NYLL, Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers are entitled to recover unpaid overtime wages, reasonable attorney's fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM

### *(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)*

87. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

88. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

89. Throughout Plaintiff RAMONA YESSENIA TEJEDA MARTINES's employment with Defendants, Defendants paid Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers without providing them a wage statement at the end of every pay period accurately listing, inter alia, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

90. Due to Defendants' violation of NYLL § 195(3), Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers are entitled to recover

statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

## SIXTH CLAIM

### *(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)*

91. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

92. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

93. Defendants failed to furnish Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

94. Due to Defendants' violation of NYLL § 195(1), Plaintiff RAMONA YESSENIA TEJEDA MARTINES and other similarly situated non-exempt workers are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff RAMONA YESSENIA TEJEDA MARTINES respectfully requests that this Court enter a judgment:

    A. authorizing the issuance of notice at the earliest possible time to all

potential FLSA Collective members, composed of other similarly situated non-exempt workers who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

    B. declaring that Defendants have violated the minimum wage provisions of the NYLL and FLSA;

    C. declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

    D. declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

    E. declaring that Defendants' violations of the FLSA and the NYLL were willful;

    F. awarding damages for unpaid minimum and overtime wages;

    G. awarding statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

    H. awarding liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

    I. awarding pre-judgment and post-judgment interest under the NYLL;

    J. awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    K. awarding such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff RAMONA YESSENIA TEJEDA MARTINES demands a trial by jury in this action.

Dated: New York, New York
      December 9, 2021

Sacco & Fillas, LLP

By: ___/s/ Clifford Tucker___
    Clifford Tucker, Esq.
    31-19 Newtown Avenue
    Seventh Floor
    Astoria, New York 11102
    Tel: 718-269-2243
    Email: CTucker@SaccoFillas.com
    Attorneys for Plaintiff RAMONA
    YESSENIA TEJEDA MARTINES
    File No.: 27299-21